MUNICIPAL TRUSTS A hospital authority, a municipal trust created pursuant to 60 O.S. 176 [60-176] (1971) et seq., can operate outside the geographic boundaries of the beneficiary municipality and within the geographic boundaries of another municipality. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Can a hospital authority, a municipal trust created pursuant to 60 O.S. 176 [60-176] (1971) et seq., operate outside the geographic boundaries of the beneficiary municipality and within the geographic boundaries of another municipality? Title 60 O.S. 176 [60-176] (19710, provides, in part: "a Express trusts may be created in real or personal property, or either or both, or in any estate or interest in either or both, with the State, or any county, municipality, political or governmental subdivision, or governmental agency of the state as the beneficiary thereof by the: (1) . . ." In Attorney General Opinion 73-307, the Attorney General answered a similar question relating to an industrial authority, also a municipal trust created pursuant to 60 O.S. 176 [60-176] (1971) et seq., operating outside of its municipal boundaries and within the boundaries of another municipality. The holding in that opinion was based upon constitutional and statutory provisions allowing municipalities to obtain and develop property for industrial purposes within or near said municipalities. The opinion also relied on Sublett v. City of Tulsa, 405 P.2d 185 (1965) and Harrison v. Barton,358 P.2d 211 (1960), in holding that the industrial municipal trust authority could operate outside of its boundaries and within the boundaries of another municipality. Both Sublett and Harrison allowed municipal trust authorities to operate outside their boundaries, 7 miles in Sublett and 100 miles in Harrison. Title 11 O.S. 563 [11-563] (1971), provides the authority of cities and towns to engage in business and operate utilities and provides, in part: ". . . Every city and town shall have the right and power to acquire, own and maintain, within or without the corporate limits of such city or town, real estate for sites and rights of way for public utility and public park purposes, and for the location thereon of waterworks, electric light and gas plants, aviation airports, hospitals, . . . and for all such purposes shall have the power to exercise the right of eminent domain, either within or without the corporate limits of such city or town, . . ." It is apparent that the Legislature recognized the need for municipalities to exceed their geographic boundaries to properly conduct needed operations, including the purchase of land and the building of hospitals. In the creation of a public trust wherein a municipality is the beneficiary it is recognized that the public trust may be created for the furtherance of any authorized or proper function of said municipality. See Board of County Commissioners of Oklahoma County v. Warram, Okl., 285 P.2d 1034 (1955). Not being restricted by the Legislature to operating without the corporate limits in only unincorporated areas, there would be no prohibition on a city or municipal trust authority exceeding the municipal boundaries into an incorporated area. See Attorney General Opinion No. 73-307, supra. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A hospital authority, a municipal trust created pursuant to 60 O.S. 176 [60-176] (1971) et seq., can operate outside the geographic boundaries of the beneficiary municipality and within the geographic boundaries of another municipality. (Mike D. Martin)